Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- ------------------------------------------------------------ X
CNA INSURANCE CO., LTD. a/s/o GUANGZHOU
XUNXIANGLAI FOODS CO., LTD.

        Plaintiff,                                                  23 Civ.

   - against –                                          **COMPLAINT**

   COSCO SHIPPING LINES CO., INC.

        Defendant.
- ------------------------------------------------------------ X

Plaintiff, CNA Insurance Co., Ltd. a/s/o Guangzhou Xunxianglai Foods Co., Ltd. by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

**JURISDICTION**

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the Defendant's bill of lading which provides for jurisdiction in this district for all shipments involving the United States.

**PARTIES**

2.      At all material times, CNA Insurance Co., Ltd. (hereinafter "CNA" or "Plaintiff") was and is a business entity with an office and place of business located at 20 Fenchurch Street, London, EC3M 3BY, England, and is the lead subrogated underwriter of a containerload of Frozen Beef, as more specifically described below.

3. At all material times, Guangzhou Xunxianglai Foods Co., Ltd. (hereinafter "Guangzhou" or "Plaintiff") was and is a corporation with an office and a place of business located at 10 Hanxing East Road, Guangzhou, China, and was the owner/consignee of a containerload of Frozen Beef, as more specifically described below.

4. At all material times, defendant, COSCO Shipping Lines Co. Ltd. (hereinafter "Cosco" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign country with an office and place of business located at 100 Lighting Way, Secaucus, New Jersey 07094, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6. On or about July 15, 2022, a consignment consisting of 1157 cartons Frozen Beef, laden in refrigerated container TEMU 9648920, then being in good order and condition, was delivered to Cosco and/or its agents in Chicago, Illinois by the cargo shipper. The cargo was booked for transit from Chicago to Nansha, China via the Port of Long Beach, California and ocean transit on board the M/V COSCO NETHERLANDS, all in consideration of an agreed upon freight and Cosco's agreement to maintain a carrying temperature of -20°C at all times, all pursuant to Cosco bill of lading no. COSU6338210750 dated August 8, 2022.

7. The container was loaded on board the M/V COSCO NETHERLANDS on or about August 8, 2022, Cosco bill of lading COSU6338210750 was issued and the vessel sailed for her intended destination.

8. The vessel arrived at her destination in New York on or about August 31, 2022 and the container was delivered to the receiver on or about September 1, 2022.

9. Upon delivery of the container, it was discovered that the cargo had experienced temperature abuse during transit and was no longer fit for human consumption.

10. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant and/or its agents.

11. As a result of the foregoing, Plaintiff suffered damages in the amount of approximately $280,000.00.

12. At all times relevant hereto, a contract of insurance for property damage was in effect between CNA and Guangzhou, which provided coverage for, among other things, loss or damage to the aforementioned consignment of Frozen Beef.

13. Pursuant to the aforementioned contract of insurance between Guangzhou and CNA, monies have been expended on behalf of Guangzhou to the detriment of CNA due to the damages sustained during transit.

14. As CNA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, CNA has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the Defendant.

15. Guangzhou has, in addition, assigned the deductible portions of the claim to CNA.

16. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $280,000.00.

## AS AND FOR A FIRST CAUSE OF ACTION

17. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 16, inclusive, as if herein set forth at length.

18. Pursuant to the contract of carriage entered into by and between the parties, the Defendant owed contractual and statutory duties to the aforementioned cargo owner to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

19. The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

20. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $280,000.00.

21. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $280,000.00.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $280,000.00 plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
     August 25, 2023
     228-222

                        **CASEY & BARNETT, LLC**
                        Attorneys for Plaintiff

      By:    *Martin Casey*
                  Martin F. Casey
                  305 Broadway, Ste 1202
                  New York, New York 10007
                  (212) 286-0225